IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.                                                                    No. 22-CR-1171-JCH

ADRIAN GARCIA,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Defendant Adrian Garcia is charged in a three-count indictment with the following: Carjacking in violation of 18 U.S.C. § 2119(1) (Count 1); Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime, and Discharging Said Firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2); and being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count 3). Defendant Adrian Garcia filed a *Motion to Dismiss Count 3 of the Indictment* (ECF No. 40), based on arguments he concedes are foreclosed by binding precedent. The Court will deny Defendant's motion to dismiss Count 3 based on the acknowledged precedential cases that have rejected Defendant's contentions.

    **I.**    **BACKGROUND**

This case arises out of an alleged carjacking occurring on or about May 22, 2022. (*See* Indictment, ECF No. 4.) According to the Government, the Defendant knowingly used, carried, and discharged a firearm during and in relation to the carjacking, and he also possessed ammunition. (*See id.*) Defendant is charged in Count 3 of being a felon unlawfully in possession of a firearm and ammunition based on four felonies: three convictions for aggravated battery with

a deadly weapon and aggravated fleeing a law enforcement officer. (*Id.*) Defendant moves to dismiss Count 3, the felon-in-possession of a firearm and ammunition count, based on three arguments, which the Court will address in turn.

## II.     ANALYSIS

18 U.S.C. § 922(g)(1) makes it unlawful for anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."

### A.  18 U.S.C. § 922(g)(1) is not unconstitutional under the Second Amendment

First, Defendant asserts that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied after *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). He acknowledges, however, "that in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), the Tenth Circuit Court found that 18 U.S.C. § 922(g)(1) is not unconstitutional after *Bruen*." (Def.'s Mot. 1, ECF No. 40). Nevertheless, he "disagrees with *Vincent* and files this motion to preserve the issues discussed below for appellate review." (*Id.*)

The Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment confers an "individual right to possess and carry weapons in case of confrontation." 554 U.S. 570, 592 (2008). Relevant here, *Heller* cautioned in dicta that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons...." *Id.* at 626. The Tenth Circuit has held that *Heller*'s dictum is binding and that § 922(g)(1) is constitutional. *See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *accord United States v. Griffith*, 928 F.3d 855, 871 (10th Cir. 2019); *United States v. Molina*, 484 F. App'x 276, 285 (10th Cir. 2012); *see also In re United States*, 578 F.3d 1195, 1200

(10th Cir. 2009) (unpublished) (recognizing that Tenth Circuit has foreclosed as-applied challenges to § 922(g)(1)).

In *New York State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court clarified the standard for applying the Second Amendment and reviewing firearm regulations. *See* 597 U.S. 1, 22-23 (2022). First, a court should ask whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, then "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* The reviewing court will then uphold the regulation only if the government meets its burden. *See id.*

In *Vincent*, the Tenth Circuit clarified that its earlier decisions survive *Bruen* and continue to bind its district courts. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023). Under *McCane*, courts in this circuit "have no basis to draw constitutional distinctions based on the type of felony involved." *Id.* Consequently, Mr. Garcia's Second Amendment challenge to § 922(g)(1) fails both facially and as applied.

**B. Section 922(g)(1)'s jurisdictional element may be met with evidence that the firearm previously crossed state lines**

Defendant argues that the United States will be unable to prove § 922(g)(1)'s jurisdictional element – possess in or affecting commerce, any firearm or ammunition -- because the section "applies only when the defendant's own possession of a firearm or ammunition affected commerce at the time the defendant possessed it." (Def.'s Mot. 10, ECF No. 40.) According to Defendant, the adverbial phrase "in or affecting commerce" directly follows, and thus clearly modifies, the verb "possess," not the noun "firearm or ammunition." (*Id.* at 11.) He further argues that, had Congress wanted to make it a crime for a felon to possess a firearm that had previously been shipped or transported in interstate commerce, it would have said so, as it did in the receipt portion

3

of § 922(g)(1) (making it unlawful for a felon "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce"). (*Id.*)

The Supreme Court, however, ruled that, under a predecessor statute to § 922(g)(1), the "in commerce or affecting commerce" element was met with proof that the firearm previously crossed state lines. *See Scarborough v. United States*, 431 U.S. 563, 567, 577 ("Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred…. But there is no question that Congress intended no more than a minimal nexus requirement."). Relying on *Scarborough*, the Tenth Circuit extended this interpretation to the current version of § 922(g)(1). *See United States v. Farnsworth*, 92 F.3d 1001, 1006-07 (10th Cir. 1996) (concluding that evidence that gun had been manufactured in different state from that in which it was found was sufficient to meet Section 922(g)(1)'s jurisdictional element); *United States v. Dix*, 2023 WL 5367508, at *1 (10th Cir. Aug. 22, 2023) ("Dix's argument that possession of a firearm or ammunition, as described in § 922(g)(1), requires a contemporaneous affect on interstate commerce is foreclosed by precedents of this court applying *Scarborough v. United States*, 431 U.S. 563 (1977), to § 922(g)(1).") (citing *United States v. Campbell*, 603 F.3d 1218, 1220 n.1 (10th Cir. 2010); *United States v. Patton*, 451 F.3d 615, 634–35 (10th Cir. 2006); *United States v. Dorris*, 236 F.3d 582, 584–86 (10th Cir. 2000)). This Court is bound by these precedents and rejects Defendant's argument that, as a matter of law, the United States cannot prove the jurisdictional element by relying on the firearm or ammunition having previously crossed state lines.

### C.  18 U.S.C. § 922(g)(1) is not unconstitutional under the Commerce Clause

Defendant alternatively argues that Congress exceeded its Commerce Clause authority in enacting the relevant portion of § 922(g)(1) that requires only the minimal nexus with interstate commerce, as construed by the *Scarborough* Court. Defendant contends that, under *United States*

*v. Lopez*, 514 U.S. 549 (1995), this minimal nexus with interstate commerce is too attenuated to justify the enactment of § 922(g)(1) under the Commerce Clause. As Defendant acknowledges, however, Tenth Circuit precedent forecloses this argument. *See, e.g., McCane*, 573 F.3d at 1047 ("McCane next argues § 922(g) violates the Commerce Clause where, as here, the crime's only connection to interstate commerce is the firearm's crossing of state lines. This argument also lacks merit, as it has been explicitly rejected by this court.") (and cited cases); *United States v. Patton*, 451 F.3d 615, 634 (10th Cir.2006) ("The constitutional understanding implicit in *Scarborough* - that Congress may regulate any firearm that has ever traversed state lines - has been repeatedly adopted for felon-in-possession statutes by this Court."); *United States v. McNeill*, 239 F. App'x 449, 450 (10th Cir. Aug. 20, 2007) (rejecting argument that Congress lacks authority to criminalize possession of a firearm when firearm's only connection with interstate commerce was that it crossed state lines at some point in past, because *Scarborough* survives *Lopez* and directly controls, and thus it is for Supreme Court to overturn it); *United States v. Finney*, 316 F. App'x 752, 757-58 (10th Cir. Mar. 11, 2009) (same).

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss Count 3 of the Indictment* (**ECF No. 40**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**