IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

**vs.**                                              **No. 22-CR-1171-JCH**

**ADRIAN GARCIA,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court are the following motions *in limine* filed by the parties: (1) *United States' Motion* in Limine *to Prohibit Discussion of Plea Negotiations in Front of the Jury* (ECF No. 64); (2) *United States' Motion* in Limine *to Exclude any Reference to Penalties or Sentencing Before the Jury* (ECF No. 65); (3) *United States' Motion* in Limine *to Prohibit Nullification Arguments re: State Charges* (ECF No. 66); (4) *United States' Motion* in Limine *to Exclude Any Information Only Known to Defendant* (ECF No. 67); (5) *United States' Motion* in Limine *to Prohibit Discussion of Defense Exhibits Not Previously Provided to the United States* (ECF No. 68); and (6) *United States' Motion* in Limine *to Admit Clip of 911 Dispatch Recording* (ECF No. 70). The Court will address the motions herein.

    **I.**      **LAW**

According to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible, *see* Fed. R. Evid. 402, but a court may exclude relevant evidence if its probative value

is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II.    ANALYSIS

### A.    *United States' Motion* in Limine *to Prohibit Discussion of Plea Negotiations in Front of the Jury* (ECF No. 64)

The United States moves to prohibit defense counsel or any defense witness from asking any question, introducing any evidence, or making any statement regarding plea negotiations in the presence the jury. Defendant does not oppose the motion, so the motion will be granted.

### B.    *United States' Motion* in Limine *to Exclude any Reference to Penalties or Sentencing Before the Jury* (ECF No. 65)

The United States seeks an order preventing Defendant from presenting to the jury any or all direct or indirect references to, or evidence of, the sentence that might be imposed if Defendant is convicted. According to the Government, the evidence is irrelevant and more prejudicial than probative.

While recognizing that Supreme Court and Tenth Circuit precedent holds "that a jury may not be instructed, or advised in any way, of the consequences of a particular verdict," Mr. Garcia asserts that such precedent should be re-evaluated in light of recent Supreme Court cases on the Sixth Amendment. (Def.'s Resp. 1, ECF No. 81.) He thus requests that the Court reconsider the bar against such testimony and urges the Court to allow "the jury to consider the effect minimum mandatory sentences could have on any intent to commit the charged offenses," (*id.*), and "to know the statutory and guideline sentence," (*id.* at 8). According to Defendant, the Supreme Court's decisions in *United States v. Apprendi*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), and their progeny, suggest that juries should be fully informed of the possible consequences of a guilty verdict, because the consequences may affect a defendant's intent to

2

commit a certain offense. Moreover, Defendant asserts that the jury can more effectively fulfill its historical Sixth Amendment role as the conscience of the community and guardian against government oppression when it has the knowledge of the possible sentences.

Defendant seeks to inform the jury about the consequences of a guilty verdict, but the law gives the judge the role of imposing the sentence, not the jury. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict."). The Court does not yet know what the sentence, if any, will be, and permitting the introduction to the jury of the range of possible sentences to fully inform them of the consequences of the verdict would inject prejudicial information and result in a potential mini-sentencing hearing on an issue irrelevant to the fact issues related to guilt. Allowing the introduction of sentencing evidence or argument invites the jury "to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* Consequently, the Supreme Court has consistently directed that, "when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Id.* (internal quotation and footnote omitted).

According to the Tenth Circuit, "presenting information to the jury about possible sentencing is prejudicial," and thus, a "jury is obligated to 'reach its verdict without regard to what sentence might be imposed.'" *United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). "Absent a statutory requirement that the jury participate in the sentencing decision, nothing is left 'for jury determination beyond the guilt or innocence of an accused.'" *Id.* at 1385 (quoting *Chapman v. United States*, 443 F.2d 917,

920 (10th Cir. 1971)). It is thus generally "improper to inform the jury of the defendant's possible

punishment." *United States v. Jones*, 933 F.2d 807, 811 (10th Cir. 1991). Indeed, the pattern Tenth

Circuit Jury Instructions advise the jury not to consider punishment. *See* Tenth Circuit Criminal

Pattern Jury Instruction 1.20 ("If you find the defendant guilty, it will be my duty to decide what

the punishment will be. You should not discuss or consider the possible punishment in any way

while deciding your verdict."). *See also* Tenth Circuit Criminal Pattern Jury Instruction 1.04

(instructing jury to base its verdict solely on the evidence, without prejudice or sympathy).

Defendant's reliance on *Apprendi* and *Booker* is unavailing because the holdings do not

cover the issue here. In *Apprendi*, the Supreme Court held that any fact (other than a prior

conviction) that "increases the penalty for a crime beyond the prescribed statutory maximum must

be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

Similarly, the *Booker* Court reaffirmed this holding: "Any fact (other than a prior conviction)

which is necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a

jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The *Apprendi* and *Booker* line of cases

did not overturn *Shannon*, which continues to be controlling precedent. *See United States v.

Polouizzi*, 564 F.3d 142, 160 (2d Cir. 2009) ("Our precedent forecloses the conclusion that Polizzi

had a Sixth Amendment right to trial by a jury that had been instructed on the applicable mandatory

minimum sentence.").

Consequently, the Court is bound by *Shannon* and the aforementioned Tenth Circuit law

regarding the proper roles of the judge and jury. *See United States v. Gehringer*, 385 F. App'x 830,

834 (10th Cir. July 7, 2010) (unpublished) ("In light of established Tenth Circuit and Supreme

Court authorities, the district court had no discretion to instruct the jury on the sentencing penalties,

and therefore did not abuse its discretion in denying the defendant's request."). In this case, evidence of sentencing consequences is far more prejudicial than probative, so the Court will grant the United States' motion to prohibit the introduction of evidence relevant only to sentencing or punishment.

**C.** ***United States' Motion* in Limine *to Prohibit Nullification Arguments re: State Charges* (ECF No. 66)**

In this motion, the Government requests an order prohibiting the defense from presenting any argument that federal charges were improper because state court is the proper forum for the charges. The United States is concerned this argument may be raised because the case was initially investigated by the Albuquerque Police Department ("APD"). The Government asserts that any such argument amounts to an improper jury nullification argument. Defendant opposes the motion on the grounds that federal jurisdiction is an element of the charged crimes, which is what allows the United States to prosecute Mr. Garcia in this Court. Defendant thus requests the motion be denied, as it will unnecessarily limit the jury's consideration of the pertinent evidence.

As to the Government's argument that jury nullification arguments should not be permitted, the Court agrees. The Tenth Circuit stated that "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999). *See also United States v. Gonzalez*, 596 F.3d 1228, 1237 (10th Cir. 2010) (quoting *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath"). Any argument that constitutes an explicit request for jury nullification will not be permitted.

That said, the jury will be instructed upon the element needed for federal jurisdiction, and arguments pertaining to the presence or absence thereof are permitted. This case was initially investigated by APD, and the potential for state charges brought against Defendant may have some

relevance at trial to explain how the investigation proceeded. The Court is thus unwilling to rule

pretrial that Defendant cannot present evidence or argument that Defendant faced potential state

charges. The Court will thus deny the Government's motion to the extent it seeks to exclude more

than overt jury nullification arguments. The motion, however, will be denied without prejudice.

The Government may object to a specific question or argument at trial that pertains to this issue,

at which point the Court will be in a better position to determine its relevance.

### D. *United States' Motion* in Limine *to Exclude Any Information Only Known to Defendant* (ECF No. 67)

The Government in this motion requests an order prohibiting Defendant or his counsel

"from making any statement or asking any questions regarding information or facts that are only

known to Defendant, unless Defendant will, in fact, testify." (Gov.'s Mot. 1, ECF No. 67.) The

United States cites Federal Rule of Evidence 801, the rule defining hearsay. Defendant opposes

the motion because it does not describe the specific evidence to be excluded and he has a right to

present his defense. The Court agrees that this request is too ambiguous and ill-defined to be the

proper subject of a pretrial motion *in limine*. The Court will deny the motion without prejudice.

The Government may object to hearsay subject to Rule 801 at trial.

### E. <u>*United States' Motion* in Limine *to Prohibit Discussion of Defense Exhibits Not Previously Provided to the United States* (ECF No. 68)</u>

In this motion *in limine*, the United States seeks to prohibit Defendant, who has not yet

provided any reciprocal discovery, from asking any question, introducing any evidence, or making

any statement regarding defense exhibits not previously provided to the United States and admitted

by the Court. In support, the United States cites Federal Rule of Criminal Procedure 16(d)(2),

which states that if a party fails to comply with Rule 16, the court may "prohibit that party from

introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(C).

Defendant opposes the motion, noting that its exhibit list is due five days before trial, and the defense is still preparing its trial strategy. Moreover, Defendant points out that Rule 16(d)(2) provides four different remedies for a Rule 16 violation, and that it is premature for the Court to decide a remedy for any potential violation. The Court agrees.

The Court will deny the motion as premature. The Government has not pointed to a specific violation of Rule 16 or sought to exclude a specific piece of evidence. Without context, the Court cannot rule on the proper remedy under Rule 16(d)(2). The motion is denied without prejudice, as the Government can make objections to specific items of evidence under Rule 16(d)(2), should the issue become ripe.

### F. *United States' Motion* in Limine *to Admit Clip of 911 Dispatch Recording* (ECF No. 70)

The United States moves for the admission of Exhibit 6, the clip of the 911 dispatch recording from May 22, 2022, and Exhibit 6-A, the transcript of that portion of the call. According to the Government, in Exhibit 6, Sergeant Joshua Wood relayed his observations to the 911 dispatcher in real time, along with the actions he was taking, as he followed the suspect who matched the description of the offender conveyed by the 911 dispatcher. The Government contends that the recording is highly relevant and admissible under Federal Rules of Evidence 401, 402, and 403, and that the statements in the recording constitute Sergeant Wood's present sense impressions for which there is an exception to the hearsay rule under Rule 803(1). Moreover, the United States notes that Sergeant Wood will testify at trial, so Defendant will be able to cross-examine him on the entirety of the information in the recording. The Government seeks admission of the recording in its entirety, arguing that the court does not need to analyze each statement individually, based on *United States v. Lovato*, 950 F.3d 1337 (10th Cir. 2020).

In opposing the motion, Defendant contends that the statements of the 911 dispatcher are not present sense impressions, some of the statements by Sergeant Wood are not present sense impressions, the evidence is not relevant, and the danger of the admission of the evidence outweighs any probative value. Defendant has offered objections to specific types of statements within the call. The Court will therefore examine the basis for the Government's request for pretrial admission and Defendant's specific arguments and objections to certain statements in determining the admissibility of the call. *See Lovato*, 950 F.3d at 1342 (explaining that court has discretion to conduct more particularized analysis when warranted by circumstances).

### 1. Sergeant Wood's statements fall within the present sense impression exception

Hearsay, a statement the declarant does not make while testifying at trial and is offered to prove the truth of the matter asserted in the statement, is generally inadmissible at trial. *See* Fed. R. Evid. 801(c) & 802. An exception to that rule is for present sense impressions. Fed. R. Civ. P. 803(1). Under Federal Rule of Evidence 803(1), "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is admissible as an exception to the rule against hearsay, regardless of whether the declarant is available as a witness.

Regarding hearsay concerns, the Government asserts the recording is admissible under Rule 803(1), so the Court will confine its analysis to that hearsay exception. The following statements by Sergeant Wood constitute present sense impressions because he is describing or explaining his observations or what he is doing while or immediately after he perceived it. *Cf. Lovato*, 950 F.3d at 1344-45 (concluding that 911 caller's statements relaying caller's contemporaneous observations during his pursuit, as well as statements describing what the caller observed minutes earlier were admissible).

| Citation | Court's Rulings |
|---|---|
| Tr. 2:17-19<br>"10-42. I'm 5-6 at the Ariosos on the west side of the apartment. I'll stand by." | Sergeant Wood is describing his location at the time he is located there. This statement constitutes a present sense impression. |
| Tr. 3:6-9<br>"PD, I've got a gentleman wearing a black sweatshirt, blue jeans, black backpack. He's crossing southbound on Montgomery right now." | Sergeant Wood is describing who he is observing at the time he is perceiving it. This statement is a present sense impression. However, Sergeant Wood immediately after asks, "Is that the offender?" (Tr. 3:9.) That question does not constitute a present sense impression so the Court will not admit it using a Rule 803(1) analysis. |
| Tr. 3:13-19<br>"7400 Montgomery….Subject's not wearing the [INAUDIBLE].[1] He's going to be walking southbound through the parking lot. 10-4 He's going to be running [INAUDIBLE] running westbound Montgomery."<br>Tr. 3:21<br>"Westbound Montgomery."<br>Tr. 3:23-25<br>"He's going to be running through the [INAUDIBLE] parking lot, west of Julie and Montgomery." | Again, Sergeant Wood is describing his observations of what the suspect is doing at the time and where the suspect is located. These statements constitute present sense impressions. |
| Tr. 4:2-5<br>"Black sweatshirt, dark blue jeans, black baseball cap, white tennis shoes. He's going to be back on Montgomery, still westbound. He's taking his black hat off." | Sergeant Wood is giving a description of the suspect contemporaneously as he is perceiving him, and describing where the suspect is going and what he is doing. These statements fall within the present sense impression exception. |
| Tr. 5:22-23<br>"I've got the gun. It's going to be at Julie and Montgomery." | Sergeant Wood is describing what he is observing – the firearm – and where he and the item of evidence are located while he is perceiving those conditions. These statements are present sense impressions. However, Sergeant Wood thereafter said, "I'll get you a numerical." (Tr. 5:23.) That statement expresses what he intended to do in the future; it is not a present sense impression. |

---

[1] The transcript at 3:15-16 says, "Subject's not wearing the [INAUDIBLE]," but the audio indicates that Sergeant Wood said, "Subject's not wanting to stop for me." Either version is a present sense impression, as it is Sergeant Wood's contemporaneous description of the subject.

      **2. Sergeant Wood's statements are highly relevant to Defendant's identity as the perpetrator and their admission is not outweighed by a danger of unfair prejudice**

A court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Cumulative evidence is "evidence which goes to prove what has already been established by other evidence." *United States v. Otuonye*, 995 F.3d 1191, 1208 (10th Cir. 2021) (quoting *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 829 (10th Cir. 1995)). A judge has wide discretion in excluding cumulative evidence, and exclusion is based on concerns for trial efficiency, time management, and jury comprehension. *Id.*

The statements above are relevant to whether the person Sergeant Wood observed leaving the Arioso Apartments minutes after the crime occurred matched the description given to dispatch by the 911 caller. His real-time observations of the suspect and what the suspect did as Sergeant Wood followed him are highly relevant to the issue of whether Defendant was the perpetrator of the carjacking. His statements that he found the firearm and description of its current location are likewise relevant to the charged crimes.

Defendant, however, asserts unfair prejudice in admitting the statement, "I've got the gun." According to Defendant, using "the" before "gun" suggests that it was the gun from the alleged carjacking based on speculation by both the 911 dispatcher and Sergeant Wood. The Court disagrees the statement is unfairly prejudicial or that the prejudice outweighs the relevance of the evidence. Sergeant Wood will be on the stand and can be questioned about what he meant by "the gun," and he can be cross-examined about any speculative assumptions he may have made at the time. Nor does the Court agree with Defendant that the evidence should be excluded because it is cumulative. The evidence is corroborative and will not create trial inefficiency or confuse the jury.

The Court will therefore allow admission of the above-identified statements by Sergeant Wood under Rules 401, 402, 403, and 803(1).

### 3. The Government has not shown grounds for admissibility of the statements by the 911 dispatcher or other officers on the call

Defendant argues that the statements of the 911 dispatcher are not present sense impressions. The Government did not file a reply in support of its motion. Nor did the Government in its motion assert that the statements by the dispatcher or other officers fall within the present sense impression exception to the hearsay rule. The Government has not offered other grounds supporting the admission of the other statements, so at this time, the Court will not rule pretrial that the statements by dispatchers or other officers are admissible. *Cf. Winer v. Sturgill*, Civil Action No. 5:22-162-DCR, 2023 WL 4471479, *9 (E.D. Ky. July 11, 2023) ("[T]he defendant has not demonstrated that the statements from police dispatchers fall within Rule 803(1)'s exception because the dispatchers were not present at the scene of Winer's arrest…. Should the defendant seek to make a proper showing of admissibility under Rule 803(1) or to admit the statements from police dispatchers under a different exception to the rule against hearsay, he may do so at trial."); *Shipman v. Carrasco*, No. 1:15-CV-167-BRB-KBM, 2016 WL 10100732, at *5 n. 9 (D.N.M. July 19, 2016) ("The present sense impression exception to the rule against hearsay does not apply here because the dispatch's directive to set up spike belts does not describe or explain an event or prove that the officers followed through with the order."). The Court thus need not address at this time Defendant's alternate argument that the statement by dispatch confirming the suspect was the offender is unfairly prejudicial.

Accordingly, the Court will grant the United States' motion in limine by admitting the statements of Sergeant Wood that fall within the present sense impression exception, as identified *supra*, but will otherwise deny the motion in limine.

**IT IS THEREFORE ORDERED that**:

(1) *United States' Motion* in Limine *to Prohibit Discussion of Plea Negotiations in Front of the Jury* (**ECF No. 64**) is **GRANTED**;

(2) *United States' Motion* in Limine *to Exclude any Reference to Penalties or Sentencing Before the Jury* (**ECF No. 65**) is **GRANTED**;

(3) *United States' Motion* in Limine *to Prohibit Nullification Arguments re: State Charges* (**ECF No. 66**) is **GRANTED** as to arguments that constitute an explicit request for jury nullification, but is otherwise **DENIED without prejudice**;

(4) *United States' Motion* in Limine *to Exclude Any Information Only Known to Defendant* (**ECF No. 67**) is **DENIED without prejudice**;

(5) *United States' Motion* in Limine *to Prohibit Discussion of Defense Exhibits Not Previously Provided to the United States* (**ECF No. 68**) is **DENIED without prejudice**; and

(6) *United States' Motion* in Limine *to Admit Clip of 911 Dispatch Recording* (**ECF No. 70**) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a.   The United States' request to admit statements by Sergeant Wood identified in the table above is **GRANTED**, and

    b.   The United States' request to admit statements by the dispatcher or other officers is **DENIED** without prejudice.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**